# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:  05-cr-00165-REB |
| | USM Number:  21642-013 |
| JOHNNY JOE RODRIGUEZ | Janine Yunker, AFPD |
| | (Defendant's Attorney) |

**THE DEFENDANT:**  Pleaded guilty to Count One of the Information.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Previously Convicted Felon | 03/11/05 | One |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Indictment is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

December 16, 2005
Date of Imposition of Judgment

s/ Robert E. Blackburn
Signature of Judge

Robert E. Blackburn, U.S. District Judge
Name & Title of Judge

December 19, 2005
Date

DEFENDANT:  JOHNNY JOE RODRIGUEZ
CASE NUMBER:  05-cr-00165-REB                                    Judgment-Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred and twenty (120) months, to be served consecutively to the undischarged terms of imprisonment in El Paso County District Court, Colorado, Case Nos. 2004CR2314, 2004CR4264, and 2005CR1025.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

        Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                        _____
                                                   UNITED STATES MARSHAL

                                        By_____

DEFENDANT:  JOHNNY JOE RODRIGUEZ
CASE NUMBER:  05-cr-00165-REB                                   Judgment-Page 3 of 7

Deputy United States Marshal

DEFENDANT:  JOHNNY JOE RODRIGUEZ
CASE NUMBER:  05-cr-00165-REB                                    Judgment-Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.

2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)  The defendant shall support his dependents and meet other family responsibilities.

5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  JOHNNY JOE RODRIGUEZ
CASE NUMBER:  05-cr-00165-REB

9)      The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)     The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)     The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)      The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer.   The defendant shall pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

DEFENDANT:  JOHNNY JOE RODRIGUEZ
CASE NUMBER:  05-cr-00165-REB

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| One | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $100.00 | $0.00 | $0.00 |

DEFENDANT:  JOHNNY JOE RODRIGUEZ
CASE NUMBER:  05-cr-00165-REB                                    Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment fee is due in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  JOHNNY JOE RODRIGUEZ
CASE NUMBER:  05-cr-00165-REB                                          Judgment-Page 8 of 7

# STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  27

Criminal History Category:  VI

Imprisonment Term:  120 months

Supervised Release Range:  2 to 3 years

Fine          $12,50   to  $125,000
Range:        0

The fine is waived because of the defendant's inability to pay.

**The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart.**

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:  None.

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.") No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.